

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

February 13, 1956

Honorable J. M. Falkner
State Banking Commissioner
Capital National Bank Building
Austin, Texas

Opinion No. S-188

Re: Whether a loan of $200
to a funeral home, pro-
viding an option for a
paid funeral, is subject
to the provisions of
Article 548b, V.C.S., re-
quiring a permit from
Banking Department.

Dear Mr. Falkner:

Your letter of January 27, 1956, requested the opinion
of this office concerning the following situation which we quote
as described by your letter:

> "The Good Neighbor Funeral Home, Inc., LaMarque,
> Texas, according to our information, is a corpora-
> tion duly incorporated and existing under and by
> virtue of the laws of the State of Texas with its
> domicile and principal place of business in the City
> of LaMarque, Galveston County, Texas, to conduct a
> general funeral directors and undertaking business.
> Seemingly, their charter was obtained in February,
> 1955, with a capital stock of $1,050.00. Subse-
> quent to its incorporation, they proceeded to
> solicit subscriptions for the erection of a funeral
> home by obtaining personal loans from individuals
> in the amounts of $200.00 each, bearing 4% interest
> with no security, save and except an option which
> provided for a $1,000.00 funeral service which was
> to include a metal casket, embalming, use of funer-
> al home and chapel, hearse service, register book,
> and acknowledgment cards, and with funeral complete
> with use of the staff of said funeral home."

Your request concerns the applicability of Article 548b,
Vernon's Civil Statutes, to the above operations of the Funeral
Home.

Section 1 of Article 548b provides in part:

> "Any individual, firm, partnership, corpor-
> ation, or association (hereinafter called 'organ-

ization') desiring to sell prearranged or prepaid funeral services or funeral merchandise (including caskets, grave vaults, and all other articles of merchandise incidental to a funeral service) in this State under a sales contract providing for prepaid burial or funeral benefits or merchandise to be delivered at an undetermined future date dependent upon the death of the contracting party (hereinafter called 'prepaid funeral benefits') shall obtain a permit from the State Banking Department authorizing the transaction of this type of business before entering into any such contract. After thirty days from the effective date of this Act, it shall be unlawful to sell prepaid funeral benefits unless the seller holds a valid current permit at the time the contract is made."

In the subscription agreement, the Funeral Home agrees to furnish the following:

"In the event of the death of the undersigned or any member of his immediate family, as herein named, then the GOOD NEIGHBOR FUNERAL HOME, INC., promises and agrees to provide a One Thousand Dollar funeral service, for such deceased one, including metal casket, embalming, use of funeral home and chapel, hearse service, register book, and acknowledgement cards, and with funeral complete with use of the staff of the GOOD NEIGHBOR FUNERAL HOME, INC."

The other party to the agreement agrees to lend Good Neighbor Funeral Home, Inc., the sum of $200.00 for a term of ten years. By this subscription agreement the funeral home promises to furnish a $1,000.00 funeral service in the event of death and in return for this the other party to the agreement promises to loan a sum of money to the funeral home.

Subsequent to signing the subscription agreement, both parties sign a note as described in a form drawn by the corporation. This form contains the following language:

"Option One: As security for the payment of this note and in the event of the death of the payee or any member of his immediate family, as herein named, within ten (10) years from this date, then the Good Neighbor Funeral Home, Inc., promises and agrees to provide a One Thousand

Dollar funeral service, for such deceased one, including metal casket, embalming, use of funeral home and chapel, hearse service, register book, and acknowledgment cards, and with funeral complete with use of the staff of the Good Neighbor Funeral Home, Inc."

Option Two is as follows:

"In the event the above named One Thousand Dollar funeral is not needed during said ten (10) year period, and the payee should so elect, then the Good Neighbor Funeral Home, Inc., agrees to furnish to the payee and/or the members of the family as above named, a Five Hundred Dollar funeral at any time after said ten (10) year period."

By this agreement the corporation promises and agrees to provide a $1,000.00 funeral in case of death if elected by the payee, and also further promises that it will furnish a $500.00 funeral if it has not furnished the $1,000.00 funeral during the ten year period, if the payee should so elect, after the ten years elapse. In return for these promises on the part of the funeral home, the other party lends the sum of money sought by the funeral home.

It is clear from the two contracts that the corporation is binding itself to furnish funeral services in return for the use of the other party's money for a term not to exceed ten years. Both parties are bound by their promises described in the contract.

Therefore, it is the opinion of this office that the activities of the funeral home come within the provisions of Article 548b, and the funeral homes operating in the manner outlined in your letter must obtain permits from the State Banking Department before entering into such contracts.

## SUMMARY

Individuals, firms, partnerships, corporations or associations providing prepaid or prearranged funeral benefits in return for a

loan of money are required by Article 548b, V.C.S., to obtain permits from the State Banking Department before entering into such contracts.

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

*Philip Sanders*

Philip Sanders
Assistant Attorney General

APPROVED:

J. C. Davis, Jr.
County Affairs Division

J. A. Amis, Jr.
Reviewer

Mert Starnes
Reviewer

L. W. Gray
Reviewer

Davis Grant
First Assistant

JOHN BEN SHEPPERD
Attorney General

PS:zt